UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| REBECCA MELENDEZ<br>323 Winshire Street<br>Norfolk, VA 23503<br><br>　　　　　　　　　　　Plaintiff(s),<br><br><br>　-v.-<br>DIAZ & ASSOCIATES, INC.<br>17862 E. 17th Street<br>Suite 207<br>Tustin, CA 92780<br><br>　　　Serve on:<br>　　　Victor Diaz<br>　　　17862 E. 17th Street<br>　　　Suite 207<br>　　　Tustin, CA 92780<br><br>　　　　　　　　　　　Defendant. | **Civil Action No:** |

## COMPLAINT

Plaintiff Rebecca Melendez ("Plaintiff" or "Melendez") by and through her attorneys, Meridian Law, LLC, as and for its Complaint against Defendant Diaz & Associates, Inc., ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.　Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of Virginia, County of Norfolk City, residing at 323 Winshire Street, Norfolk, VA 23503.

3. Defendant is a debt collector with a mailing address of 17862 E. 17th St., Ste 207, Tustin, CA 92780.

4. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9.    This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10.   On or around August 25, 2016, Defendant sent Plaintiff a collection letter.

11.   The first paragraph of the letter offers Plaintiff a settlement agreement if the funds are paid by September 30, 2016.

12.   The letter goes on to state, "There is no grace period.  If funds are not received in our office by the due date this settlement offer agreement will be considered NULL and VOID."

13.   This language is deceptive because it induces the consumer to believe that the offer to settle will not be available after a certain date when this is not, in fact, the case.

14.   This deceptive language would induce the consumer to believe that they must make the payment immediately in order to obtain the settlement offer.

15.   Further, the second paragraph of the letter states that once Plaintiff has paid the Alleged Debt Defendant will update the corresponding account trade lines with the major credit bureaus to reflect her payment.

16.   This assertion is blatantly false because Plaintiff ran her credit report on June 27, 2016 and Defendant was not reporting the trade line for this account with any credit bureau.

17.   In addition to being deceptive, the language of this letter is threatening and coercive and was made with the intent of scaring Plaintiff into making payment.

18.   This abusive language caused Plaintiff to become extremely upset and disheartened due to the extremely difficult financial struggle she is currently enduring.

19. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f .

22. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rebecca Melendez demands judgment from the Defendant Diaz & Associates, Inc., as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: January 31, 2017

                                                   /s/ Aryeh E. Stein
                                        **Meridian Law, LLC**
                                        By:  Aryeh E. Stein, Esq.
                                        600 Reisterstown Road
                                        Suite 700
                                        Baltimore, MD 21208
                                        Phone: 443-326-6011
                                        Fax: 410-653-9061
                                        VA Bar No. 45895